UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES T. ALLEN, | ) | CASE NO. 1:08 CV0632 |
| Plaintiff, | )<br>) | JUDGE DAN AARON POLSTER |
| v. | )<br>) | MEMORANDUM OF OPINION |
| INTERNAL REVENUE SERVICE<br>COMMISSIONER, et al., | )<br>)<br>) | AND ORDER |
| Defendants. | )<br>) | |

    Charles T. Allen filed a pro se complaint in the Court of Common Pleas, Cuyahoga County, Ohio against the Internal Revenue Service Commissioner, "c/o Debra K. Hurst," and National City Corporation, "c/o Ann Cascioli." He alleged subject matter jurisdiction pursuant to Rule 4.3 of the Ohio Rules of Civil Procedure and § 5747.20 of the Ohio Revised Code. See Allen v. Internal Revenue Comm., No. CV-07-645416 (Cuy. Cty. Ct. Comm. Pls. filed Dec. 24, 2007.) He averred that a certified copy of the complaint was mailed to the Internal Revenue Service, c/o Debra K. Hurst on December 26, 2007.

    A Notice removing the case to the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. § 1442(a)(1), was filed on March 12, 2008 by the United States of America as the proper party defendant on behalf of the I.R.S. Mr. Allen then filed a document in this court on April 1, 2008, which he entitled, "Notice of Removal." The document purportedly "removes" this action to the Court of Common Pleas, Cuyahoga County, Ohio pursuant

to Ohio Revised Code Section 1905.01.[1] As this court has yet to rule on the defendant's March 12, 2008 Notice removing the complaint to this court, and as Ohio Revised Code §1905.01 bears no relevance to this action, **Mr. Allen's April 1, 2008 "Notice of Removal," [Dkt# 5] is construed as a "Motion to Remand"** the complaint back to state court. See 28 U.S.C. § 1447(c).

Background

In the early part of 2004, Mr. Allen was advised by the I.R.S. that a tax deficiency, amounting to $10,000, existed with regard to his Federal Tax Identification number for 2003 and 2004. An additional delinquency for 2005 was later determined in the amount of $3,700.00.

On February 15, 2006, the I.R.S. notified National City Bank that a Notice of Levy had been filed against Mr. Allen. The bank then seized $619.00 from Mr. Allen's account and forwarded the funds to the I.R.S. Mr. Allen agreed in March 2006 to pay the I.R.S. $125.00 per month in satisfaction of the delinquency until "the Ohio law was disclosed to him in June 2007." Up to that point, he claims payments were made to the defendant totaling $1,500.00.

In his four count complaint, Mr. Allen asserts that the I.R.S.'s seizure of $619.00 from his account at National City Bank "constitutes receiving stolen property in violation of section 2913.51 of the Ohio Revised Code." (Compl. at 2.) He claims that the I.R.S. presented fraudulent documents to National City without "establishing its authority to conduct business in the States as a foreign corporation, considering the fact that the Federal government is limited to the ten square miles that comprise the capital Washington, D.C." (Compl. at 2.) He maintains this is a violation of section 1307.03 of the Ohio Revised Code.[2]

---

[1] The code section is entitled: "JURISDICTION IN ORDINANCE CASES, TRAFFIC VIOLATIONS, OMVI CASES, DRIVING UNDER SUSPENSION CASES, AND DOMESTIC VIOLENCE CASES," which is under chapter 1905, "MAYOR'S COURT," of the Ohio Revised Code.

[2] This code provision, titled "RELATIONSHIP TO TREATY, STATUTE, TARIFF, CLASSIFICATION, OR REGULATION,"states in full: "To the extent that any treaty or statute of the United States, regulatory statute of the state or tariff, classification, or regulation filed or issued

Counts three and four of the complaint set forth that defendant I.R.S. violated the Fair Debt Collection Practices Act when it allegedly presented fraudulent documents to National City Bank. He adds that the defendant's

> use of . . . written communication which simulates or is falsely represented to be a document authorized, issued or approved by any court, official or agency of the United States or any State, or which creates a false impression as to its source, authorization or approval, [is] in violation of section 2329.90 of the Ohio Revised Codes.

(Compl. at 3.) Finally, National City Bank allegedly seized monies from Mr. Allen on February 15, 2006 in violation of "State Theft laws." (Compl. at 3.)

Mr. Allen seeks a "cease and desist" order from this court directing the I.R.S. to stop any further action against him without the "necessary prerequisites issued by the Secretary of the State of Ohio authorizing it to conduct or transact business in the State." (Compl. at 4.) Further, he asks this court to direct the I.R.S. and National City to return all monies seized and "compensatory damages" amounting to $250,000.00. For the reasons set forth below, this action is dismissed.

## Standard of Review

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for failing to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district

---

pursuant thereto is applicable, the provisions of sections 1307.01 to 1307.40, inclusive, of the Revised Code are subject thereto." OHIO REV. CODE § 1307.03.

3

court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

REMOVAL

The United States, as the proper party on behalf of the I.R.S., removed this action pursuant to 28 U.S.C. §1442. When a civil lawsuit is filed against a federal agency or any federal officer in their official capacity "on account of any right, title or authority claimed under any Act of Congress for the . . . collection of revenue," the action may be removed to the federal district court for the district and division in which the state court resides. 28 U.S.C. § 1442(a)(1). Should any party oppose this removal, it may move "to remand the case on the basis of any defect other than lack of subject-matter jurisdiction . . . within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

In what this court construes as his motion to remand, Mr. Allen challenges the removal asserting that the state court has original jurisdiction "pursuant to sec. 1703.01."[3] (Mot. Remand at 3.) He maintains that at the time he filed his complaint in state court he was a resident of Ohio, but National City Bank "was and is a domestic corporation of [Delaware]" that failed to register as a foreign corporation authorized to conduct business in Ohio. Mr. Allen contends that National City was required to "invoke in the manner and by the procedure prescribed by 5703.02(A)(3)" before he commenced his lawsuit in state court. Moreover, he claims National City violated the Administrative Procedures Act when it failed to advise him upon what authority it was entitled to "remove or seize monies from the Plaintiff's bank accounts." (Mot. Remand at 4.) He adds that the "Defendant failed to provide Plaintiff with Buck Act Provisions, codified at 4 U.S.C. sec. 106, that brings him within the purview of the Federal Taxes pursuant to 44 U.S.C. sec. 1505 of the Federal Regulations requirements." Id. Mr. Allen concludes his motion by asserting that this

---

[3]The court presumes this is a reference to Ohio Revised Code § 1703.01 since the balance of Mr. Allen's claims are based on Ohio laws and rules. That section defines "Domestic Corporation," "Foreign Corporation," "State" and "Articles."

court failed to inform him of its jurisdiction and noting that the amount in controversy is below $75,000.00.

The statute upon which the United States relied to remove this action to federal court is unambiguous and sets forth:

> (a) A civil action or criminal prosecution commenced in a State court <u>against any of the following</u> may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>> (1) <u>The United States or any agency thereof</u> or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1)(emphasis added). Mr. Allen filed his civil action against the Internal Revenue Service Commissioner, c/o Debra K. Hurst as party defendants. There is no dispute that the Internal Revenue is an agency of the United States, or that Ms. Hurst is an officer of the Internal Revenue. Moreover, because a judgment against the Internal Revenue "would expend itself on the public treasury or domain . . . the effect of the judgment would be 'to restrain the Government from action.'" <u>Dugan v. Rank</u>, 372 U.S. 609, 620 (1963)(citation omitted). Not only does this place the United States in position as the real party in interest in this action, but a suit against Ms. Hurst, as an I.R.S. employee in her official capacity, is essentially a suit against the United States. <u>Larson v. Domestic and Foreign Commerce Corp</u>., 337 U.S. 682, 687(1949). Nothing in Mr. Allen's motion to remand challenges these facts. Therefore, removal of this matter pursuant to 28 U.S.C. § 1442(a)(1) was proper.

SUBJECT MATTER JURISDICTION

It is provided by statute, as contained within the Internal Revenue Code, that:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy)

> by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

26 U.S.C. § 6331(a). The Commissioner's levy authority derives from this section, and it allows the Commissioner to proceed administratively to assert the Government's rights in the property of the taxpayer held by any person. See  United States v. Natl. Bank of Commerce, 472 U.S. 713, 720-21(1985).

A review of the complaint and attachments reveal that a Notice of Levy was sent by the I.R.S. to Mr. Allen, dated February 11, 2006.  The Notice advised plaintiff that the I.R.S. previously directed him to pay the amount he owed for "1040" taxes for the tax period ending December 31, 2002. As of the date of the Notice, Mr. Allen had still not paid the balance of the assessment. The I.R.S. added that if Mr. Allen believed that it erroneously levied his bank account, he was entitled to file a claim with the I.R.S. on a Form 8546.  National City Bank was copied on the Notice to Mr. Allen.

This case involves the I.R.S.'s attempt to collect federal income taxes Mr. Allen allegedly owes. The adjudication of interests in property that federal officers seize is within the sole purview of the federal courts.  By law, any "property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." 28 U.S.C. § 2463.  Jurisdiction of federal district courts over these actions is conferred by section 1340 of Title 28 of the United States Code, which provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. § 1340. It is abundantly clear that Mr. Allen's challenge to the collection of federal taxes is a matter exclusively within the subject matter jurisdiction of this court.

FAILURE TO STATE A CLAIM

Mr. Allen asserts that this is a matter over which the state court has subject matter

jurisdiction pursuant to Ohio Civil Procedure Rule 4.3(A)(1) and section 5747.20 of the Ohio Revised Code. Neither assertion has merit.

Rule 4.3(A)(1) addresses the procedures for proper out-of-state service when a complaint is filed in state court. The relevant subsection provides that service may be made upon a "person" who is not a resident of Ohio. The rule then defines "person" as including "an individual, . . . or a corporation, . . .who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's: (1) Transacting any business in this state." OHIO CIVIL R. 4.3(A)(1).  It is appears that Mr. Allen may believe this rule provides the state of Ohio subject matter jurisdiction over his complaint. It does not. The Ohio Civil Rules simply "prescribe the procedure to be followed in all courts of this state . . . , with the exceptions stated in subdivision (C) of this rule." OHIO CIVIL R. 1(A).

Ohio Revised Code section 5747.20 is equally inapposite.  The statute sets forth that "[t]his section applies solely for the purposes of computing the credit allowed under division (A) of section 5747.05 of the Revised Code and computing income taxable in this state under division (D) of section 5747.08 of the Revised Code." OHIO REV. CODE §5747.20. The income taxes at issue in § 5747.20 involve state income taxes. This matter involves the I.R.S.'s collection of Mr. Allen's federal income taxes. Thus, § 5747.20 does not apply to this matter.

With regard to his claim that National City unlawfully seized funds from his bank account on behalf of the I.R.S., Mr. Allen has failed to state a claim.  As explained above, the language of section 6331 under Title 26 "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." Drye v. United States, 528 U.S. 49, 56 (1999)(quoting United States v. National Bank of Commerce, 472 U.S. 713, 719-720 (1985)).  To reach this end, the law provides:

> Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except

>such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

26 U.S.C. § 6332(a). In the case of banks, the law is even more specific and sets forth: "Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy." 26 U.S.C. § 6332(c). National City is further protected inasmuch as the law provides that any person who complies with the notice of levy is "discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender of payment." 26 U.S.C. § 6332(d). Therefore, having complied with the statutory procedure for collection of taxes, National City is not obligated to pay to Mr. Allen money it has already paid to the I.R.S. on the taxpayer's account.

The only property exempt from levy is that listed in § 6334(a) of the Code, consisting of certain personal articles and provisions. 26 U.S.C. § 6334(a). Without an allegation that the defendants seized property which was expressly exempt under the statute, Mr. Allen's claim lacks a valid basis in law.

## Due Process Claim

Contrary to Mr. Allen's claim that he did not receive proper notice, no where in the Revenue Code does it require a Notice of Seizure or a Warrant of Distraint to accompany a Notice of Levy. "[L]evy may be made by serving a notice of levy on any person in possession of or obligated with respect to, property or rights to property subject to levy, including receivables, bank accounts, evidences of debt, securities, and salaries, wages, commissions, or other compensation." 26 C.F.R. § 301.6331-1(a)(1). No judicial intervention is necessary. United States v. National Bank of Commerce, 472 U.S. 713, 722 (1985). The constitutionality of this procedure is well settled. Id. at 723.

## Anti-Injunction Act

Not only has Mr. Allen failed to argue any cause of action against the I.R.S. or

National City Bank he is foreclosed from seeking injunctive relief. The Anti-Injunction Act deprives this court of jurisdiction to entertain any suit the purpose of which is to restrain the assessment or collection of any tax. 26 U.S.C. § 7421(a).

Accordingly, this matter was properly removed to this court pursuant to 28 U.S.C. § 1442(a)(1), plaintiff's Motion to Remand [Dkt.#5] is denied and this action is dismissed for failing to state a claim for relief. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                            */s/Dan Aaron Polster 4/4/08*
                                            DAN AARON POLSTER
                                            UNITED STATES DISTRICT JUDGE